LENA T. CLEVELAND *vs.* BANGOR STREET RAILWAY.

Penobscot.   Opinion February 14, 1894.

*Way. Defect. Street Railway. Poles. Negligence. Statute 1885, §§ 1, 8; Private and Spec. Laws, 1887, c. 97; Bangor City Ordinances, chaps. 40, 43.*

In an action to recover damages for a personal injury which the plaintiff received, by reason of the negligence of the defendant in erecting and maintaining a pole to sustain its' trolley wires, at a point and in such a manner in a public street as to make it dangerous for public travel, the the following instructions were *held correct*:—

That it was incumbent on the plaintiff to prove, first that the defendant company was at fault in the particular thing complained of; that the defendant company fell short of the duty of a prudent, careful man; that

they did not have that regard for the public safety and for the chances of accident that they should have had as prudent men and managers.

Second; she must prove that this particular fault of the defendant which she claims to have shown, caused her the injury of which she complains; and that no fault of hers, or of the person in whose care she was at the time, contributed to the injury or helped cause it.

It is not a defense, in such action, that the street railway located and maintained the pole in question in the public street in accordance with the provisions of its charter and the city ordinances.

ON MOTION AND EXCEPTIONS.

This was an action on the case for injuries which the plaintiff alleges she sustained, September 18, 1892, through the negligence of the defendant in erecting and maintaining a pole for the support of its trolley-wires upon Exchange street in the city of Bangor.

(Declaration.) "In a plea of the case, for that, whereas there now is, and was at said Bangor, on the eighteenth day of September, last past, a public street and highway called Exchange street, in said Bangor, on and over which all citizens are entitled to pass and repass with their horses and carriages, and said plaintiff was in a carriage on the said eighteenth day of September, and was driving through said street and was in the exercise of due care and with a suitable carriage, harness, and horse, in said highway nearly opposite the store of Stockwell, Adams & Co., there was an obstruction in said highway, to-wit: a pole some twenty feet in height standing out in said highway about eighteen inches from the curbstone; said pole being in front of said Stockwell, Adams & Co's store, as aforesaid; said pole having been erected and was then being used by said defendant corporation for the purpose of propelling its electric cars through said street or highway.

"And said plaintiff driving as aforesaid, in a carriage, the horse that was drawing said carriage, though perfectly kind and manageable, was caused to shy, by reason of a car suddenly turning the corner of Washington street, so-called, in said city, and coming out on said Exchange street, said car belonging to said defendant corporation.

"The carriage in which said plaintiff was riding was thrown against said pole situated as aforesaid, and she was thrown out and severely injured by having been dragged under the carriage

and getting a cut on her forehead, a wound on left arm, and receiving a severe wound on right knee, right arm, and right leg below the knee, and she was otherwise severely injured ; and the plaintiff avers that said pole was unlawfully and negligently made, erected, and used by said defendant corporation in said highway at said place, and was then and there an unlawful obstruction of said highway, and said tipping of said carriage and said injuries to plaintiff were caused wholly by and solely by said obstruction and defect in said highway, and that she was in the exercise of due care ; and the plaintiff avers that by said injury caused as aforesaid, she has suffered great bodily pain, has been put to expense of physicians and attendance, and has lost her ability to work."

Plea, general issue. The jury returned a verdict of $868.00, for the plaintiff, and the defendant moved for a new trial and took exceptions which are stated in the opinion of the court.

The city ordinance of Bangor is a follows : Chapter 40, § 1, "Bangor Street Railway, a corporation duly established by law, . . is hereby authorized and licensed to locate, build, equip and maintain a street railway in the city of Bangor, for the sole purpose of transporting passengers and their baggage, cars to be run by electrical or animal power, and to locate and maintain single or double lines of poles on any street where its tracks may be laid," etc.

"Section 3. But no poles shall be placed or wires strung until the location of such poles and wires shall be approved by the mayor and street engineers."

The material parts of defendant's charter are given in the opinion.

*Charles P. Stetson and P. H. Gillin*, for plaintiff.

There is nothing in the charter or ordinance which expressly, or by implication, relieves the company from liability for injuries caused by its negligence or want of care, or which makes the location of the railway or poles by city authorities, a protection for its negligent acts and a bar to actions for injuries caused by negligence. *Dickey* v. *Maine Telegraph Co.* 46 Maine, 483.

The defendant's rights in the street as stated in the charge to the jury, in *Head* v. *Auburn*, Androscoggin County, January

Term, 1891, are no greater than that of an abutting proprietor of the street : "He may have a right to enter upon the street and do certain things, but no legal right would exist to make the public street unsafe and inconvenient for travelers, . . and generally the burden is put upon the railroad company [in these charters] to keep the street safe and convenient so far as its road has anything to do with the street, and makes them liable for all damages that may occur by a failure to do so."

Motion : *Aldrich* v. *Gorham*, 77 Maine, 287.

*Laughton, Clergue and Mason*, for defendant.

In absence of contractual relations between the parties, proof of the mere fact that the accident happened to the plaintiff, without more, will not amount to the *prima facie* proof of negligence on the part of the defendant. Thomp. Neg. 1227.

Plaintiff offered no testimony as to whether defendant was guilty of negligence in locating the pole in question, but relied on the fact that the pole was located in the part of the street used by vehicles and that the accident occurred as constituting proof of negligence. *Cosulich* v. *Standard Oil Co.* 122 N. Y. 118, and cases; *Reiss* v. *N. Y. Steam Heat Co.* 128 N. Y. 107, and cases ; *Nason* v. *West*, 78 Maine, 253.

Charter, &c., justifies locating pole. *Com.* v. *Boston*, 97 Mass. 555 ; *Young* v. *Yarmouth*, 9 Gray, 386 ; *Roberts* v. *Wis. Tel. Co.* 46 N. W. Rep. 800.

That the pole was located in the part of the street used by vehicles instead of upon the sidewalk does not constitute negligence ; nor, if it had been located within the curb of the sidewalk, would negligence be absolutely negatived. Horse was beyond driver's control. *Perkins* v. *Fayette*, 68 Maine, 152, and cases ; *Spaulding* v. *Winslow*, 74 Maine, 528. Stat. 1885, if construed as claimed by plaintiff, makes defendant liable as insurer.

SITTING : PETERS, C. J., LIBBEY, FOSTER, WHITEHOUSE, WISWELL, JJ.

LIBBEY, J.    Case to recover for a personal injury which the plaintiff alleges she received on Exchange Street, Bangor, by reason of the negligence of the defendant in erecting and main-

taining a pole to sustain its trolley wires, at such a point and in such a manner in said street as to make it dangerous for public travel.

In his charge the court instructed the jury as follows : "The plaintiff must prove first that this defendant company was at fault in the particular thing complained of, that the defendant company fell short of the duty of a prudent, careful man, that they did not have that regard for the public safety and for the chances of accident that they should have had as prudent men and managers."

"Second. She must prove that this particular fault of the defendant's, which she claims to have shown you, caused her the injury of which she complains. Because, of course, if this fault of the company did not cause her the injury, she has no cause of complaint against them."

"She must prove the defendant's fault, that the defendant's fault caused the injury, and also prove besides that no fault of hers, or the person in whose care she was at the time, contributed to the injury, or helped cause it."

"I further instruct you that they were bound in so placing them to have due regard to the rights of the public, and to have had due forethought as to the needs of the public and the danger to the public, and that they were so bound in placing their posts as to not unnecessarily or unreasonably endanger any person travelling in that vicinity."

"I will add this : that the defendant might, perhaps, have been justified in putting the pole there, at the time they placed it there, and not have been justified in maintaining it there, afterwards ; and they may have been in fault in the placing as well as in the maintaining. . . . . Assuming the defendants to be thoughtful, careful and watchful men, if it became apparent after the pole was placed there that it was in a dangerous place and was doing harm, they would then be bound to rectify the mistake if it was one."

The defendant, however, contended, that if it located and maintained the pole in question in the public street in accordance with the provisions of its charter and the ordinance of the city of Bangor, it was legally justified ; and proof of negligence

in doing so would not subject it to an action by a traveler damaged thereby; and requested the court to instruct the jury as follows: "That if the pole in question was located and maintained in accordance with the provisions of the charter of the company and the ordinance of the city licensing the company to erect and maintain poles, then the pole was not a legal obstruction, and the plaintiff cannot recover." This request was not given, and properly refused as not expressing the law of the case.

A careful examination of defendant's charter and the city ordinance discloses nothing which expressly or by implication relieves the company from liability for injuries caused by its negligence or want of care in erecting and maintaining its poles when licensed by the city council, but rather the contrary. Section four of the charter creates a lien on all property of said railway, to take precedence of any mortgage, in favor of the city of Bangor to secure said city for any sum it may be liable to pay on account of any damages to person or property occasioned by any negligence or fault of said railway during construction or operation.

The case seems to be within the provision of Statute of 1885, Chapter 378. "Section 1. Every company incorporated for the transmission of intelligence, heat, light or power by electricity; and all persons and associations engaged in such business shall be subject to the duties, restrictions and liabilities prescribed in this act.

"Section 8. When an injury is done to person or property by the *posts*, wires, or other apparatus of any company, person or association mentioned in section one, such company, person or association shall be responsible in damages to the person injured. If the same be erected on a highway or town way, the city or town shall not by reason of anything contained in this act, or done thereunder, be discharged from its liability."

The law as stated in the charge, requiring the plaintiff to prove the damage to be from the negligence or fault of the defendant, was sufficiently favorable to it.

A careful examination of the evidence reported satisfies us that it was sufficient to authorize the verdict.

*Exceptions and motion overruled.*